NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEROY R. GOODSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-2434

---

Petition for review of the Merit Systems Protection Board in No. PH-0714-19-0171-I-1.

---

Decided: February 3, 2021

---

THOMAS G. WOLPERT, Wolpert Schreiber McDonnell P.C., Royersford, PA, for petitioner.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, REYNA, and STOLL, *Circuit Judges*.

MOORE, *Circuit Judge*.

Leroy R. Goodson appeals a final decision from the Merit Systems Protection Board affirming the Department of Veterans Affairs' removal of Mr. Goodson for misconduct. *Goodson v. Dep't of Veterans Affairs*, No. PH-0714-19-0171-I-1, 2019 WL 3550392 (M.S.P.B. July 29, 2019). For the following reasons, we *vacate and remand*.

BACKGROUND

Beginning in 2012, Mr. Goodson worked in food service at the Veterans Medical Center in Coatesville, Pennsylvania. In a February 15, 2019 letter, the Chief of Nutrition and Food Service at the Medical Center, Laura Sarmento, proposed removing Mr. Goodson from employment for inappropriate conduct in a verbal confrontation with a patient. *See* 38 U.S.C. § 714. Ms. Sarmento reasoned that removal was the proper penalty (1) because of Mr. Goodson's prior suspension for "making lewd comments" and engaging in "sexually suggestive actions, along with disrespectful behavior towards a supervisor," (2) because "[e]mployees are expected to treat Veterans with kindness and respect at all times," and (3) because "it is the responsibility of all employees to promote a productive work environment free of inappropriate conduct and vulgarities." J.A. 120–21. On February 27, 2019, the Director of the Medical Center, Carla Sivek, found substantial evidence supported the charge of inappropriate conduct and removed Mr. Goodson. J.A. 113.

Mr. Goodson appealed his removal to the Board. He argued that the Board should consider whether the penalty is out of proportion with the alleged misconduct, particularly when there are mitigating factors. In an initial decision, the Chief Administrative Judge rejected Mr. Goodson's argument, holding that § 714(d)(2)(B) neither requires nor allows consideration of the factors used to consider the reasonableness of a penalty as articulated in *Douglas v. Veterans Administration*, 5 MSPB 313 (1981).

*See* J.A. 3; *see also* J.A. 4.  The Chief AJ also sustained the charge of inappropriate conduct, and therefore, affirmed Mr. Goodson's removal.  The initial decision became final on September 2, 2019.  Mr. Goodson appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We "hold unlawful and set aside" a Board decision that is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c).

Mr. Goodson argues the Board erred in holding 38 U.S.C. § 714(d)(2) precludes considering mitigation of his removal penalty.  Subsections 714(d)(2)(A) and 714(d)(2)(B) state:

> (A) Notwithstanding section 7701(c)(1)(B) of title 5, the administrative judge shall uphold the decision of the Secretary to remove, demote, or suspend an employee under subsection (a) if the decision is supported by substantial evidence.

> (B) Notwithstanding title 5 or any other provision of law, if the decision of the Secretary is supported by substantial evidence, the administrative judge shall not mitigate the penalty prescribed by the Secretary.

Mr. Goodson argues we must vacate and remand under *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020).[1]  In *Sayers*, we held that "§ 714 requires

---

[1]    Mr. Goodson also argues that the Board's failure to consider the penalty's reasonableness violated his right to due process.  Because we vacate and remand, we need not reach that issue.

GOODSON v. DVA

the Board to review for substantial evidence the entirety of the VA's removal decision—including the penalty—rather than merely confirming that the record contains substantial evidence that the alleged conduct leading to the adverse action actually occurred." *Id.* at 1379. The government argues *Sayers* was wrongly decided. We, however, are bound by the *Sayers* decision unless it is overruled en banc or by the Supreme Court. The Chief AJ's decision, which issued before our decision in *Sayers*, explicitly refused to consider the penalty determination for Mr. Goodson. Accordingly, we must vacate and remand for the Board to consider whether the removal penalty is supported by substantial evidence.

## CONCLUSION

Because the Board failed to consider whether Mr. Goodson's removal penalty was supported by substantial evidence, we *vacate and remand*.

## VACATED AND REMANDED

### COSTS

No costs.